UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **STEVEN G. BODNAR,** | ) |
| | ) |
|     **Petitioner** | ) |
| | ) |
|     v. | )    No. 3:05cv0377 AS |
| | ) |
| **JOHN R. VANNATTA,** | ) |
| | ) |
|     **Respondent** | ) |

*MEMORANDUM OPINION AND ORDER*

On or about June 20, 2005, *pro se* petitioner, Steven G. Bodnar, an inmate at the Miami Correctional Facility in Bunker Hill, Indiana (MCF), filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on October 31, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on November 7, 2005, which this Court has carefully examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the MCF in this district. He was the subject of a prisoner disciplinary proceeding and was sanctioned to three months disciplinary segregation which does not invoke a liberty interest under *Sandin v. Conner*, 515 U.S. 472 (1995), but was also sanctioned with a time deprivation of 180 days which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under

*Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

The collateral review that is envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997).

This petitioner had reason to know that he should not have been in communication with the female in question. Reference is made to a previous disciplinary action in LCC 04-12-0041. There is some question here as to whether this petitioner has fully exhausted his state administrative remedies under *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992). The record shows that this petitioner has tried to contact this particular woman, either directly or indirectly. He has sent letters to her, contacted her attorney and the postmaster in an attempt to get information about her. The privacy concerns reflected in IC 35-46-1-15.1 are involved. This petitioner must have raised the issued presented here in his administrative Appeals. *See Eads v. Hanks*, 280 F.3d 728 (7th Cir. 2002). The issues not presented are waived as not being timely presented. There is a valid protected order as against this petitioner which prohibits him from contacting or attempting to contact the woman in

2

question.  He obviously violated that order.

There is an extensive record here of exhibits, namely A through H, and there is abundant evidence here that the petitioner violated the protective order in question.  The petitioner has presented no basis here for relief under 28 U.S.C. §2254.  Such relief is now **DENIED.  IT IS SO ORDERED**.

**DATED:**  November 17, 2005

                                              **S/ ALLEN SHARP**
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**